UNITED STATES of America, Plaintiff–Appellee,

v.

Darrell JONES, Defendant–Appellant.

No. 01–50273.

D.C. No. CR–00–01026–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Darrell Jones appeals his guilty plea conviction for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant 28 U.S.C. § 1291. Reviewing for plain error, *United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002), we affirm.

Jones contends that the district court erred under Fed.R.Crim.P. 11(c)(1) be-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

cause it failed to inform him of the nature of the charges against him before accepting his guilty plea. The government concedes that there was a technical error under Rule 11(c), but argues that the error did not affect Jones' substantial rights. We agree.

A review of the record demonstrates that Jones was provided with a copy of the indictment, which informed Jones of both the charges against him and the statute of conviction before the guilty-plea hearing. *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (noting that a defendant who is given a copy of his indictment before pleading guilty is presumed to know the nature of the charges against him). The record further indicates that Jones understood the nature of the charges and accepted the factual basis of his guilty-plea before the conclusion of the guilty plea colloquy. *Vonn*, —— U.S. at ——, 122 S.Ct. at 1046 (concluding that "a reviewing court may consult the whole record when considering the effect of any error on substantial rights"). Accordingly, we conclude that the court's timing error did not effect Jones' substantial rights, and did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1048 (internal quotations omitted).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.